UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN KING, Individually and on behalf of others similarly situated, | ) ) ) | Case No.: 1:09 CV 2674 |
| Plaintiff | ) ) | |
| v. | ) ) | JUDGE SOLOMON OLIVER, JR. |
| THE HERTZ CORPORATION, | ) ) | |
| Defendant | ) | ORDER |

Ryan King ("Plaintiff") brought the above-captioned action against The Hertz Corporation ("Defendant"), alleging fraud, unjust enrichment, and breach of contract. (Compl., ECF No. 1, ¶¶18-33.) Defendant seeks dismissal of each of these claims for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). ( Mot. to Dismiss, ECF No. 5.) Defendant further filed a Motion For Protective Order Staying Discovery (ECF No. 20) until the resolution of its Motion to Dismiss. Also pending before the court are Plaintiff's Opposition to the Motion To Dismiss, or in the Alternative, Motion for Leave to File a First Amended Complaint (ECF No. 10), and Plaintiff's Motion For Leave To File Sur-Reply (ECF No. 13). For the following reasons, the court grants in part and denies in part Defendant's Motion To Dismiss (ECF No. 5), denies as moot Defendant's Motion For Protective Order Staying Discovery (ECF No. 20), denies Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 10) without prejudice, and grants Plaintiff's Motion For Leave To File Sur-Reply and considered arguments made within the attached sur-reply. (ECF No. 13.)

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff rented a car from Defendant and entered into a written contract (the "Rental Agreement") governing the rental and return of the car. According to the terms and conditions of the Rental Agreement, customers who do not purchase gasoline from Defendant at the beginning of their rental are subject to a "fuel and service charge" if they do not return the car with at least as much fuel as was in the car when they rented it. (Compl., ECF No. 1, Ex. A.) Plaintiff asserts that he returned the car with a full tank of gas, yet was billed for the "fuel and service charge." (*Id.*, ¶7.)

Plaintiff brings this action, seeking compensatory and punitive damages, reasonable costs and attorney fees. (Compl., ECF No. 1.) Plaintiff further seeks certification of a class defined as "all other persons similarly situated . . . who: 1) rented a vehicle from Defendant, 2) returned the vehicle with Defendant's agent noting that there was at least as much fuel as was in it when the customer received it, and 3) were charged a 'Fuel and Service' charge." (*Id.*, ¶ 9.)

On December 11, 2009, Defendant filed this Motion to Dismiss currently before the court. (Mot. to Dismiss, ECF No. 5.) On January 21, 2010, Plaintiff filed his opposition brief and in the alternative petitioned the court for leave to file an amended complaint in regard to his fraud claim. (Opp. Mot. to Dismiss, ECF No. 10.) On February 4, 2010, Defendant filed its Reply Brief in Support of its Motion to Dismiss and in Response to Plaintiff's Motion for Leave to Amend. (Reply Brief, ECF No. 12.)  Plaintiff then filed a Motion for Leave to File Sur-Reply to Defendant's Reply Brief. (Sur-Reply, ECF No. 13.) The court hereby grants Plaintiff's Motion for Leave to File Sur-Reply, and considers Plaintiff's arguments presented in the Sur-Reply attached as an exhibit to his Motion. (*Id.*, Ex. 1.)

## II. STANDARD

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must determine the legal sufficiency of the plaintiff's claim. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). *See also*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (clarifying the legal standard for a Rule 12(b)(6) motion to dismiss); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009)(same).

In making this determination, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations within as true, and determine whether the complaint possesses "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.*

For this analysis, a court may look beyond the allegations contained in the complaint to exhibits attached to or otherwise incorporated in the complaint, all without converting a motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). Ultimately, this determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

### III. LEGAL ANALYSIS

Defendant's Motion seeks dismissal of Plaintiff's claims for: (1) fraud; (2) unjust enrichment; and (3) breach of contract. The court will address each argument in turn.

### A. Fraud

Defendant makes two arguments to support its 12(b)(6) motion to dismiss Plaintiff's fraud claim. First, Defendant asserts that state law bars a separate fraud claim arising from the same contractual circumstances as Plaintiff's breach of contract claim. Second, Defendant contends that Plaintiff failed to plead factual allegations with sufficient particularity to support the elements of a claim for fraud.

#### (1) Separate and Independent Duty to Support Fraud Claim

Generally, a party cannot allege a fraud claim arising from the same conduct that supports a breach of contract claim unless the fraud claim stems from a separate and independent duty unrelated to the parties' contractual obligations. *Textron Fin. Corp. v. Nationwide Mut. Ins.Co.*, 684 N.E.2d 1261, 1270 (Ohio Ct. App. 1996); *Solid Gold Jewelers v. ADT Sec. Systems, Inc.*, 600 F.Supp. 2d 956 (N.D. Ohio 2007). A separate and independent duty is an obligation that the tortfeasor "owes to another independently of the contract, that is, a duty which would exist even if no contract existed." *See Wolfe v. Continental Cas. Co.*, 647 F.2d 705, 710 (6th Cir. 1981). In determining whether a separate and independent duty exists to support a fraud claim, a court must look to "the nature of the grievance rather than the form of the pleading." *Res. Title Agency, Inc. v. Morreale Real Estate Serv. Inc.*, 314 F. Supp. 2d 763, 774 (N.D. Ohio 2004) (quoting *Meeker v. Shafranek*, 112 Ohio App. 320, 323 (Ohio Ct. App. 1960)). In looking toward the nature of the grievance to determine whether fraud exists, the breaching party's motive is irrelevant because "it

is no tort to breach a contract, regardless of motive." *Canderm Pharmacal, Ltd. v. Elder Pharms., Inc.*, 862 F.2d 597, 602 (6th Cir. 1988) (citing *Battista v. Lebanon Trotting Assoc.*, 538 F.2d 111, 117 (6th Cir. 1979)); *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St. 3d 272, 276 (Ohio 1983); *Olbrich v. Shelby Mut. Ins. Co.*, 13 Ohio App. 3d 423, 425 (2d Dist. 1983). Further, a plaintiff must show that the damages arising from the fraudulent conduct are "in addition to those [damages] attributable to the breach of contract." *Id.* at 1271 (citing to *Cincinnati Gas & Elec. Co. v. Gen. Elec. Co.*, 656 F.Supp. 49, 63 (S.D. Ohio 1986)).

Here, Plaintiff and Defendant's relationship arises from a contract between the parties for rental of an automobile by Plaintiff from Defendant. Under the terms of the contract, Defendant promised not to charge Plaintiff a "Fuel and Service" fee if Plaintiff returned the car with a full tank of gas. Plaintiff asserts that Defendant charged Plaintiff the fee despite Plaintiff fulfilling his contractual obligations of returning the rental car with a full tank of gas. Plaintiff maintains that Defendant committed fraud in regard to the "Fuel and Service" fee on two separate occasions: (i) at the formation of the contract; and (ii) when Defendant charged Plaintiff the "Fuel and Service" fee.

(i) Fraud at the Formation of the Contract

Plaintiff claims that Defendant committed fraud at the formation of the contract. At this time, Defendant knew it would charge Plaintiff a "Fuel and Service" fee but represented to Plaintiff, in the contractual provisions, that it would not charge Plaintiff for fuel if Plaintiff returned the car with a full tank of gas. Defendant intended that Plaintiff would rely on the representation within the contractual provision, rent the car, and return the car with the tank full. Plaintiff alleges that he did rely on Defendant's representation when he entered into the contract and was harmed when

-4-

Defendant charged him the fee despite the car being returned with a full tank. In other words, Defendant knew it would not abide by its contractual obligation at the time it entered into the contract.

A plaintiff can maintain a tort claim for fraud in the inducement or promissory fraud occurring in a contractual relationship because both theories raise separate and independent legal duties that are considered outside of the contract. *See Integrated Molding Concepts, Inc. v. Stopol Auctions*, 1:07 CV 2617, 2007 U.S. Dist. LEXIS 75646, at *16-*18 (N.D. Ohio 2007) (stating that a plaintiff can raise both a claim for promissory fraud and breach of contract); *Res. Title Agency*, 314 F. Supp. 2d at 774 (stating that, in addition to a breach of contract claim, a plaintiff may assert a fraud in the inducement claim). For both theories, the wrongful conduct takes place prior to the breach of a contractual obligation at the time when the parties enter into the contract. Ohio courts have held that fraudulent inducement claims, based on a party's intent not to perform their terms at the time of contracting are viable even if the claim arises from the same contractual relationship as the breach of contract claim. *Res. Title Agency*, 314 F. Supp. 2d at 774 (citing *Link v. Leadworks Corp.*, 79 Ohio App. 2d 735, 742-44)(quotation marks omitted). *See also, Fuhlbrigge, M.D., Inc. v. Midwest Med. Consortium, Inc.*, 1993 Ohio App. LEXIS 5259 at *9 (Ohio Ct. App. 1993). This is because the focus of the wrongful conduct in a fraud in the inducement or promissory fraud claim is not the conduct that causes a contractual or promissory breach, but the intent of the tortfeasor, at the formation of the contract or promise, to defraud the other party into entering into the agreement. *See Link*, 79 Ohio App. 2d at 742-44 (Ohio 1992). The common-law duty not to deceive a party into entering the contract or agreement is, thus, independent and separate from a duty not to breach a contractual obligation. Under Ohio law, Plaintiff can maintain a fraud claim based on a theory of

fraud in the inducement or promissory fraud alongside his breach of contract claim.

(ii) Fraud When Defendant Charged Plaintiff for the "Fuel and Service" fee

Plaintiff argues that Defendant committed fraud a second time when it charged Plaintiff the "Fuel and Service" fee. Plaintiff contends that this representation on Plaintiff's bill was false because Defendant did not need to perform a fuel service due to Plaintiff returning the car with a full tank of gas. Plaintiff alleges that he relied on this representation in the bill as true and paid the fee in order for Defendant to refuel the car. Plaintiff asserts that he was harmed by having to pay the fee.

As stated above, a fraud claim that arises from the same occurrence as a breach of contract claim must allege a breach of a duty separate and independent from the contract. Plaintiff asserts that Defendant owed Plaintiff the independent duty to "speak the truth." (Opp. Mot. to Dismiss, ECF No. 10.) Plaintiff then argues that "an independent duty exists at common law to refrain from committing the tort of fraud," that Defendant fraudulently represented the "Fuel and Service" fee on the bill, and that this duty to refrain from committing fraud allows him to bring both a breach of contract and tort claim. (*Id.*) To support his argument, Plaintiff cites to *Haller v. Borror Corp.*, 50 Ohio St. 3d 10, 16 (Ohio 1990), an Ohio Supreme Court decision which states the general definition for an intentional tort that the "law recognizes a duty to abstain from the wrong of intentional harm to others." Yet under the law, an intentional breach of a contract that causes harm does not transform that breach into fraud. If the law did not impose an "independent and separate duty" rule for claims of fraud arising from contractual relationships, then "every breach of contract would give rise to a tort." *Infocision Mgmt. Corp. v. Foundation For Moral Law Inc.*, 5:08 CV 1342, 2009 U.S. Dist. LEXIS 65867 at *15 (N.D. Ohio July 27, 2009). Here, Defendant's duty not to charge Plaintiff a "Fuel and

Service" fee derives directly from its contractual obligations. Whether Defendant intended to cause Plaintiff harm is irrelevant. *See Lightbody v. Rust*, 2003 Ohio 3937 at *P28, (Ohio 8th App. Dist. 2003)("It is not a tort to breach a contract, no matter how willful or malicious the breach.")

Plaintiff also cites to *Textron Fin. Corp. v. Nationwide Mut. Ins.Co.*, 684 N.E.2d 1261, 1270 (Ohio Ct. App. 1996), an Ohio Court of Appeals case that finds fraudulent conduct arising from a separate and independent duty owed between contracting parties. *Id.* This separate and independent duty was the "duty of disclosure." The *Textron* court determined that:

> [a] party is under a duty to speak, and is therefore liable for non-disclosure, if the party fails to exercise reasonable care to disclose a material fact which may justifiably induce another pary [sic] to act or refrain from acting, and the nondisclosing party knows that the failure to disclose such information to the other party will render a *prior statement or representation untrue or misleading*.

*Id.* at 153 (quoting *Cent. States Stamping Co. v. Terminal Equipment Co., Inc.*, 727 F.2d 1404, 1408 (6th Cir. 1984)) (internal quotation marks omitted)(emphasis in the original).

Plaintiff argues that *Textron* applies to his case because Defendant had a duty "not to mislead the Plaintiff into acting [by paying for the fee] based on the false statement it made [in the bill]." (Opp. Mot. to Dismiss, ECF No. 10.) The court disagrees. Unlike in *Textron*, Plaintiff has not shown what material fact Defendant was obliged to disclose and what prior statement would be rendered "untrue or misleading" if Defendant did not disclose this fact. Here, Plaintiff was fully aware of all relevant facts regarding the "Fuel and Service" fee when he received his bill and paid for the fee. Plaintiff asserts, in his first argument for fraud and his breach of contract claim, that: (1) he knew of Defendant's contractual obligation under the "Fuel and Service" fee provision; and (2) that he returned the car with a full tank of gas under the assumption that Defendant would abide by its

-7-

contractual obligation and not charge him the fee. Thus, it is unclear to the court how Plaintiff was misled. Further, in order for Defendant to have a duty to disclose and prevent a misrepresentation, there must be a prior representation that would be rendered untrue by future action if there is no disclosure by Defendant. Here, the representation – the "Fuel and Service" fee on Plaintiff's bill – was always, on its own, an inaccurate representation and a breach of Defendant's contractual obligations.

Defendant, thus, had no duty to speak the truth or disclose to Plaintiff material information to prevent fraud. Defendant's "duty to be honest" and not charge Plaintiff arises directly from the "Fuel and Service" fee provision in the contract. Even if Defendant charged the fee to Plaintiff knowing that the car was returned with a full tank, a breach of contract cannot be viewed as a common law tort "regardless of the motive" for that breach. *Canderm*, 862 F.2d at 602. Here, construing the allegations of Plaintiff's Complaint in a light most favorable to him, Defendant simply breached its contractual obligation not to charge Plaintiff the fee even if the breach was intentional. The court hereby grants Defendant's Motion to Dismiss Plaintiff's fraud claim on this basis.

Thus, the court finds that no claim exists for fraud based on Plaintiff's argument that Defendant committed fraud when it charged Plaintiff the "Fuel and Service" fee. But Plaintiff might pursue fraud in the inducement if this claim has a proper basis and is sufficiently pled in the Complaint.

(2) Fraud Claim Pled with Particularity

Now the court will consider whether Plaintiff sufficiently pled his fraud claim in the

inducement or promissory fraud claim to meet Rule 9(b) requirements. Under Federal Rule of Civil Procedure 9(b), a complaint must state "with particularity the circumstances constituting fraud or mistake." The complaint must "allege [at least] the time, place, and content of the alleged misrepresentation on which [the plaintiff] has relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Denude v. Consolidated Capital of North America, Inc.*, 288 F. Supp. 2d 844, 855 (N.D. Ohio 2003) (quoting *Advocacy Org. for Patients & Providers v. Auto Club Ins. Assn*, 176 F.3d 315, 322 (6th Cir.1999))(internal quotations omitted). Rule 9(b)'s ultimate purpose is to place the defendant on "sufficient notice of the misrepresentation" so that it may adequately reply to the plaintiff's allegations. *Brewer v. Monsanto Corp.*, 644 F. Supp. 1267, 1273 (M.D.Tenn. 1986).

In determining whether a defendant has received such notice, the court must construe Rule 9(b)'s purpose in tandem with Rule 8(a)'s pleading requirements of brevity and simplicity. *See Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 679 (6th Cir. 1988)(stating: "[i]n ruling upon a motion to dismiss under Rule 9(b) for failure to plead fraud 'with particularity,' a court must factor in the policy of simplicity in pleading which the drafters of the Federal Rules codified in Rule 8"). Both Rules are satisfied if the complaint notifies the defendant of the alleged fraud in order for the defendant to respond adequately to the charge.

Defendant argues that Plaintiff did not adequately plead the elements of fraud. It contends that: (i) plaintiff's fraud claim is barred as a matter of law because Defendant's alleged representation based on the contract terms is about future conduct; and (ii) plaintiff has failed to plead a false representation and has not sufficiently pled any actions taken in reasonable or justifiable reliance upon Defendant's alleged representation. (Mot. to Dismiss, ECF No. 5.)

(i) Representation based on Present not Future Conduct

In general, a party's representations about its future conduct cannot be the basis of a fraud claim. *See Tibbs v. National Homes Constr. Corp.*, 369 N.E.2d 1218, 1222 (Ohio12th App. Dist. 1977)("It is generally true that fraud cannot be predicted upon promises or representations relating to future actions or conduct.") An exception to this rule is if "an individual makes a promise concerning a future action, occurrence, or conduct, and, at the time he makes it, has no intention of keeping the promise." *Williams v. Edwards*, 129 Ohio App. 3d 116, 124 (Ohio1st App. Dist. 1998). This exception recognizes that the fraudulent conduct stems from the individual's present intent not to perform the promise and not the nonperformance of the promise in the future. *Id*. This present intent not to perform a promise is the basis of a claim for promissory fraud and fraudulent inducement. *See e.g., Langford v. Sloan*, 162 Ohio App. 3d 263, 268 (Ohio 2nd App. Dist. 2005) (stating that, as a general rule, "fraud cannot be predicated upon statements which are promissory in nature . . . and relate[d] to future actions" unless "at the time [the individual] makes [the promise], [he or she] has no intention of keeping the promise" and thus possesses actual present fraudulent intent). Because Plaintiff argues that, at the formation of the contract, Defendant had no present intention to abide by the "Fuel and Service" fee provision in the future, Plaintiff's fraud claim, on this basis, is not barred as a matter of law.

(ii) False Representation and Plaintiff's Reasonable and Justifiable Reliance on Representation

While Plaintiff is not barred from alleging a fraud claim under a fraudulent inducement or promissory fraud theory along with his breach of contract claim, Plaintiff's complaint, on its face, is vague at best about Defendant's fraudulent intent at the formation of the contract. The court notes

-10-

that Plaintiff filed his opposition and "in the alternative motion for leave to file a first amended complaint."(Opp. Mot. to Dismiss, ECF No. 10.) The court cannot consider any proposed or amended pleadings because Plaintiff did not attach a proposed first amended complaint to its opposition for this court to review. Thus, the court will consider only Plaintiff's original Complaint for the Rule 9(b) analysis.

A plaintiff alleging a fraud claim must plead: (1) a representation, or where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) resulting injury proximately caused by the reliance. *Republic Bank v. Connor,* 2010 Ohio 5212 at *P25 (Ohio 2010). Promissory fraud requires proof that the defendant "made a promise without the present intention of performing." *Integrated Molding Concepts, Inc.*, 2007 U.S. Dist. LEXIS 75646 at *16. Fraud in the inducement requires the plaintiff to show that the defendant "made a knowing, material misrepresentation with the intent of inducing the plaintiff's reliance, and that the plaintiff relied upon that misrepresentation to [his] detriment.*" ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498-502 (Ohio 1998). "A fraudulent inducement claim often involves a misrepresentation of facts outside the contract or other wrongful conduct inducing a party to enter into a contract." *Res. Title Agency*, at 774 (internal quotation marks omitted).

Plaintiff asserts that he pled fraud at the formation of the contract with specific particularity in the following paragraphs of the Complaint:

> The contract expressly stated that if the customer returned the car with "AT LEAST AS MUCH FUEL AS WAS IN IT WHEN (the customer) RECEIVED IT, (the customer) will not pay Hertz a charge for fuel. (Compl., ECF No. 1, ¶5.)
>
> Upon return, Defendant's agent noted that the tank level was full. (*Id.* at ¶6.)
>
> Defendant nevertheless charged Plaintiff a per-mile fee for a "Fuel and Service" charge, despite that plaintiff [sic] returned the car with the fuel tank being full. (*Id.* at ¶7.)
>
> Plaintiff brings this action on behalf of himself and for all other persons . . . who: 1) rented a vehicle from Defendant, 2) returned the vehicle with Defendant's agent noting that there was at least as much fuel as was in it when the customer received it, and 3) were charged a "Fuel and Service" charge. (*Id.* at ¶9.)

(Compl., ECF No. 1. *See also*, ECF No. 10, p. 8 citing complaint ¶5,7,9-10 and p. 13 citing complaint ¶6.)

Plaintiff argues that these allegations satisfy 9(b) requirements of fraud because he pled the specific time (at the entering of the contract), place (necessarily Defendant's rental location), and content (promising not to charge a fee with no intention to keep said promise). (Opp. Mot. to Dismiss, ECF No. 10, p. 14.) Plaintiff further contends that the pleadings indicate he returned the car with a full tank of gas relying on Defendant's representation in the contract, that if the fuel level was the same Plaintiff would not be charged the fee. (*Id.*, p. 15.)   The court disagrees. The Complaint does not allege the fraudulent intent of Defendant at the formation of the contract or Plaintiff's reliance on the contractual provision in returning the car with a full tank of gas. In order to allege fraud in the inducement, Plaintiff must plead conduct by Defendant that induced him to enter into the contract, *see Res. Title Agency*, 314 F. Supp. 2d at 774, which the Complaint does not allege. As a result, the Complaint does not put Defendant on "sufficient notice of the misrepresentation" so that it could adequately respond to Plaintiff's allegations. *Brewer*, 644 F. Supp. at 1273.

-12-

For the foregoing reasons, the court grants Defendant's Motion to Dismiss Plaintiff's fraud claim because Plaintiff has failed to plead with sufficient particularity the elements of fraud. Plaintiff did not attach an amended complaint to his opposition (ECF No. 10), so therefore, the court could not evaluate whether the amended complaint could cure the defects within his original Complaint. Thus, the court denies Plaintiff's Motion for Leave to File an Amended Complaint and will allow Plaintiff leave to file a separate motion for leave to file an amended complaint with the amended complaint attached if he deems appropriate. Plaintiff must file this motion within seven (7) days from the date of this Order.

### B. Unjust Enrichment Claim

Defendant contends that Plaintiff's unjust enrichment claim must be dismissed. Defendant asserts that Plaintiff cannot seek damages under an unjust enrichment theory when an existing contract governs the dispute.

Plaintiff responds in two ways. First, Plaintiff argues that his unjust enrichment claim can exist simultaneously with his breach of contract claim because he has alleged fraud by Defendant. Second, Plaintiff asserts that at this stage in the litigation, his unjust enrichment claim can be pled in the alternative to his breach of contract claim. *See* Fed. R. Civ. P. 8.

Defendant responds to both Plaintiff's arguments by pointing to the undisputed existence and validity of the contract. Defendant argues that Plaintiff can never assert an unjust enrichment claim when an expressed contract exists. Further, Defendant contends that Plaintiff can plead this claim in the alternative only if the existence of the contract is uncertain.

Under the doctrine of unjust enrichment, the law "implies a promise to pay the reasonable value of services rendered where one confers a benefit upon another without receiving just

compensation for those services." *Weiper v. W.A. Hill & Assoc.*, 661 N.E.2d 796, 804 (Ohio Ct. App. 1995); 828 N.E.2d 180, 192-93 (Ohio Ct. App. 2005)(citing *Aultman Hosp. v. Community Mut. Ins.* 544 N.E.2d 920, 924 (Ohio 1989); *Norton v. City of Galion*, 573 N.E.2d 1208, 1209 (Ohio 1989).

This doctrine seeks to compensate an injured party, "in absence of an express contract or a contract implied in fact." *Wuliger v. Mfrs. Life Ins. Co.*, 567 F.3d 787, 799 (6th Cir. 2009) (reversing a summary judgment to receiver on unjust enrichment theory where receiver based claim on express contracts) (emphasis omitted). Thus, the existence of an express, valid contract bars an injured party's unjust enrichment claim. *Id*.

Yet this general bar does not prevent a plaintiff, within his complaint, from pleading both theories of recovery (breach of contract and unjust enrichment). *See* Fed. R. Civ. P. 8 (permitting a plaintiff to plead any "relief in the alternative"). Thus, Plaintiff may plead both a breach of contract and unjust enrichment claim as alternative forms of relief.

Plaintiff's additional response implores the court to consider its unjust enrichment claim, not only in the alternative, but as an independent claim. (Opp. Mot. to Dismiss, ECF No. 10.) Plaintiff relies on case law that allows a party to plead an independent unjust enrichment claim despite the existence of a contract, if there is evidence of fraud. *Id*. (citing *Wolfer Enterprises, Inc. v. Overbrook Development Corp.*, 132 Ohio App. 3d 353, 357 (1st Dist., 1999); *Weiper*, 104 Ohio App. 3d 250, 262 (1st Dist., 1995); *Res. Title Agency,* 314 F. Supp. 2d at 772 (N.D. Ohio 2004)). Yet Plaintiff's argument fails because the court dismissed his fraud claim based on his failure to meet Rule 9(b) pleading requirements. As a result, this court grants in part Defendant's motion to dismiss the unjust enrichment claim. Plaintiff may plead an unjust enrichment claim as alternative relief to his breach of contract claim.

**C. Breach of Contract**

Finally, Defendant asserts two arguments to support his 12(b)(6) motion to dismiss Plaintiff's breach of contract claim. First, Defendant contends that Plaintiff's claim is barred, as a matter of law, by the voluntary payment doctrine. Second, Defendant argues that Plaintiff insufficiently pled one of the four elements establishing its claim.

In response, Plaintiff contends that Defendant's voluntary payment defense may not be raised at this time and further, the Complaint does not indicate Plaintiff's voluntary payment of the charge. Finally, Plaintiff argues that his Complaint sufficiently pleads all four elements of a breach of contract claim.

(1) Voluntary Payment Doctrine Defense

The voluntary payment doctrine denies a plaintiff recovery if the plaintiff pays another because the plaintiff erroneously believed that she had a legal duty to pay. *Scott v. Fairbanks Capital Corp.*, 284 F. Supp. 2d 880, 894 (S.D. Ohio 2003) (quoting *Randazzo v. Harris Bank Palatine*, 262 F. 3d 663, 667 (7th Cir. 2001)). This doctrine does not apply if Plaintiff can show the transaction or her erroneous belief was a result of fraud, coercion, or mistake of fact. *Id*. This type of determination requires additional fact-finding beyond Plaintiff's pleadings within the complaint. *See Arlington Video Prods. v. Fifth Third Bancorp*, No. 2:08 CV122, 2008 U.S. Dist. LEXIS 51196 at *18 (S.D Ohio 2008). Specifically, the court would need to determine whether Plaintiff voluntarily paid the charge and further whether coercion or mistake of fact existed. Thus, the court denies Defendant's motion to dismiss Plaintiff's breach of contract claim on this basis.

(2) Breach of Contract Element – Plaintiff's Performance Under the Contract

Finally, Defendant asserts that Plaintiff insufficiently pled the second element of his breach

-15-

of contract claim.

To establish a prima facie breach of contract claim, a plaintiff must show: (1) the existence of a contract; (2) plaintiff's performance under the contract; (3) defendant's failure to perform under the contract; and (4) damages resulting from defendant's failed performance. *See Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006); *MMK Grp., LLC v. SheShells Co., LLC*, 591 F. Supp. 2d 944, 963 (N.D. Ohio, 2008); *Doner v. Snapp*, 98 Ohio App. 3d 597, 600 (2d Dist., 1994).

While Plaintiff must plead sufficient facts to show that it is entitled to relief for the alleged breach, Plaintiff need not present a detailed recitation of its claim. *See generally, Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Further, the court must view the allegations within the complaint in the light most favorable to the Plaintiff despite its ambiguity. *Id*. at 638. Here, Defendant contends that Plaintiff did not plead his performance under the contract with requisite particularity. Specifically, Plaintiff did not allege that he returned the car with "at least as much fuel as was in it when [plaintiff] received it" as stipulated in the "Fuel and Service" charge provision. (Mot. to Dismiss, ECF No. 5 (quoting language from the "Fuel and Service" charge provision)(internal quotations omitted).) Yet Plaintiff's pleadings regarding his performance need not mirror the terms of the contract provision to survive a 12(b)(6) motion to dismiss. Plaintiff pleads that he and the putative class members "performed all conditions required…under the contract, and returned the car with a full tank." (Compl., ECF No. 1.) He further alleged that he "returned the car with the fuel tank being full." (*Id*.)

From these pleadings, the court can reasonably infer that Plaintiff performed his duty of returning the car with "at least as much fuel as was in it when received." (Compl., ECF No. 1 (quoting "Fuel and Service" charge provision).) Defendant has failed to show that Plaintiff's factual

allegations were insufficient to raise a right to relief for breach of contract. Defendant's motion to dismiss Plaintiff's claim on this basis is denied.

## IV. CONCLUSION

The court hereby grants Defendant's Motion To Dismiss Plaintiff's claim for fraud, grants in part Defendant's Motion To Dismiss Plaintiff's claim for unjust enrichment, and denies Defendant's motion to dismiss Plaintiff's breach of contract claim. (ECF No. 5.) The court also denies as moot Defendant's Motion For Protective Order Staying Discovery (ECF No. 20), denies Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 10), without prejudice and grants Plaintiff's Motion For Leave To File Sur-Reply. (ECF No. 13.)

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 31, 2011